# Steve Zissou & Associates

42-40 Bell Boulevard | Suite 302 | Bayside | New York | 11361 | 718.279.4500 | stevezissou@stevezissouesq.com

January 21, 2026

**BY ECF**

The Honorable Joan M. Azrack
United States District Court
100 Federal Plaza
Central Islip, New York 11722

      Re:     *United States of America v. Akeem Chambers*, Case No. 23 Cr. 157 (JMA)

Your Honor,

I write on behalf of my client, Akeem Chambers, joined by Glenn Obedin and Xavier Donaldson, counsel, respectively, for Jonathan Vasquez and Jerell Shaw.

Pursuant to Federal Rules of Evidence 401, 402, 403, and 901, and in anticipation of trial, we respectfully submit this motion in limine to exclude certain exhibits identified by the Government on its exhibit list. The exhibits identified herein are unduly prejudicial, cumulative, lack proper foundation, and/or have minimal probative value that is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

This submission is non-exclusive. The defense reserves the right to move to exclude additional exhibits as trial preparation continues and as the Government supplements its exhibit list. We respectfully request the Court's ruling on the exhibits identified below prior to their introduction at trial.

## Legal Standard

Under Federal Rule of Evidence 403, the Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403. "Unfair prejudice" means "an undue tendency to suggest decision on an improper basis," commonly, though not necessarily, an emotional one. *See,* e.g., *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

In RICO cases, courts have recognized that the Government must prove the existence of an enterprise, but this does not give the Government carte blanche to introduce highly inflammatory evidence of other crimes merely because they bear some tangential relationship to the charged conspiracy. *See,* e.g., *United States v. Sampson*, 385 F.3d 183, 192 (2d Cir. 2004). Evidence that serves primarily to portray the defendant as a "bad person" or simply suggest propensity or to inflame the jury's passions should be excluded. *Id.*

*United States of America v. Akeem Chambers*, Case No. 23 Cr. 157 (JMA)
January 21, 2026

## Exhibits to Be Excluded

A.  Exhibits Depicting Unidentified Individuals or Lacking Connection to Mr. Chambers

Exhibits 60, 61, 64, 66, 67, 139, 141, 253, 334, 336, 337, 338, 339, 340, 345, and 346 on the Government's list depict individuals other than Mr. Chambers, contain no identifiable participants, or show objects wholly unrelated to him. Exhibits 60 and 61 are videos of a beating in a parking lot in which neither the victim nor the assailants can be identified. Exhibits 64 and 66 are screen-captured Instagram stories of an individual known as "Golden Bugatti"—not Mr. Chambers—rapping and making gestures. Exhibit 67 is a video of an unidentified person kicking a scooter. Exhibits 139 and 141 depict an individual whose face is not visible holding Apple electronics. Exhibit 253 is a video of an unknown male breaking a brick. Exhibits 334, 336, 337, 338, 339, and 340 are videos of cash being counted with no face visible. Exhibits 345 and 346 depict a tan handgun and a loaded magazine, respectively, with no connection to Mr. Chambers established.

These exhibits lack foundation and fail to establish any connection to Mr. Chambers. Their only purpose is to suggest guilt by association with co-defendants or to inflame the jury with violent imagery unconnected to the charged conduct. They should be excluded under Rules 401, 402, 403, and 901.

B.  Cumulative "Gang Sign" Photographs

The Government seeks to introduce well over one hundred photographs and videos of Mr. Chambers and co-defendants, alone or with others, displaying purported gang signs. With respect to Mr. Chambers specifically, these include Exhibits 159, 164, 167, 169, 170, 171, 172, 173, 175, 176, 177, 178, 179, 183, 184, 185, 186, 188, 189, 190, 194, 195, 204, 205, 207, 208, 209, 213, 217, 218, 220, 221, 223, 224, 226, 227, 228, 229, 230, 231, 232, 239, 248, 255, 260, 269, 270, 276, 277, 282, 299, 309, 321, 322, 347, 383, 386, 387, and 388.

Similar exhibits of co-defendants displaying gang signs or posing with firearms or cash are equally cumulative and prejudicial. These include photographs and videos of Jonathan Vasquez (Exhibits 240, 244, 313, 329); Todd Brant (Exhibits 262, 280, 289, 290, 291, 295, 324); Jonathan Gonzalez (Exhibits 246, 247, 262, 264, 272, 275, 278, 280, 283, 284, 285, 287, 288, 289, 294, 317, 328, 341); Lesly Pardo (Exhibit 251); Jalen Rogers (Exhibits 349, 350, 352, 353, 355, 358, 359, 361, 362, 363, 364, 365, 367, 368, 369, 371, 375, 377); and Jerell Shaw (Exhibits 298, 300, 301, 303, 304, 305, 306, 307, 311, 312, 315, 316, 318, 323, 330, 331, 332, 343, 404).

This massive volume of photographs is patently cumulative. If gang membership is relevant, a handful of photographs would suffice; the introduction of dozens upon dozens of nearly identical images serves no legitimate evidentiary purpose and exists solely to prejudice the jury by repetitive association with gang imagery.

The prejudicial impact of parading this volume of alleged gang-sign photographs before the jury substantially outweighs any marginal probative value beyond the first few such images.

*United States of America v. Akeem Chambers*, Case No. 23 Cr. 157 (JMA)
January 21, 2026

The Court should permit the Government to introduce no more than a limited number of representative photographs and exclude the remainder as cumulative under Rule 403.

C.  Photographs Displaying Cash

Exhibits 110, 156, 158, 200, 211, 212, 250, 263, 278, 280, 287, 294, 317, 341, and 355 depict Mr. Chambers or co-defendants posing with stacks of cash or with cash arranged to spell words. This evidence has no probative value regarding any charged offense. Possession of currency is not illegal, and these photographs do not establish the source of the funds, any connection to racketeering activity, or any element of the charged offenses. Their only purpose is to invite the jury to speculate about ill-gotten gains and to inflame prejudice against the defendants. They should be excluded under Rule 403.

D.  Inflammatory Rap Music, Lyrics, and Music Video

The Government seeks to introduce as exhibits numerous rap music videos, audio recordings, and handwritten rap lyrics. Courts have increasingly recognized the danger of admitting rap lyrics as evidence of criminal conduct. *See United States v. Herron*, Case No. 10 Cr. 615 (NGG), 2014 U.S. Dist. LEXIS 63872, 2014 WL 1871909, at *4 (E.D.N.Y. May 8, 2014) ("[C]ircuit courts have admonished trial judges against admitting rap videos or lyrics with merely a tenuous connection to the defendant or issues in the case"). These exhibits include Exhibits 121, 125, 234 (files 1-5, 13, 38, 46, 56, 59, 67, 69, 72), 251, 252, 357, 358, 359, 362, 363, 364, 365, 367, 368, 377, 390, 615 through 625, and 3004.

Rap music is a form of artistic expression that frequently employs hyperbole, braggadocio, and fictional narratives. Treating lyrics as literal confessions or statements of intent fundamentally misunderstands the art form and invites the jury to convict based on creative expression rather than evidence of actual conduct.

Indeed, research has shown that a considerable portion of Americans believe that rap artists are more likely to write autobiographically than other music artists and that they are more likely to engage in violence or be members of gangs. *See* Adam Dunbar, Charis E. Kubrin, and Nicholas Scurich, *The Threatening Nature of "Rap" Music*, 22 Psych., Pub. Pol'y & L. 280 (2016) (finding that people who are shown violent lyrics were more likely to find them literal, offensive, and in need of regulation when they were told that the lyrics were of a rap song than of a country song).

These exhibits—including songs referencing "who I smoke," videos with violent imagery, and handwritten lyrics—are highly inflammatory, have minimal probative value regarding actual criminal conduct, and risk transforming this trial into a referendum on rap music rather than the charged offenses. They should be excluded.

E.  Grave Desecration Evidence

Several exhibits—including Exhibits 67, 234 (files 29-30), 385, 392, 449(20), and 449(40)—depict conduct at or involving the gravesite of an individual known as "Scooter," including videos at the gravesite and social media posts involving a football taken from the grave.

*United States of America v. Akeem Chambers*, Case No. 23 Cr. 157 (JMA)
January 21, 2026

This evidence is extraordinarily inflammatory and designed solely to provoke moral outrage. Whatever marginal relevance it may have to proving animosity between groups is vastly outweighed by its prejudicial impact. The jury cannot be expected to fairly evaluate the evidence of charged conduct after being shown evidence of grave desecration. This evidence should be excluded under Rule 403.

F. <u>Social Media Posts with Purportedly Threatening or Inflammatory Captions</u>

Exhibits 128, 129, 130, 132, 153, 199, 201, 203, 212, 234 (specifically files 20, 32, 36, 39, 43, 44, 47), 260, 296, 321, 355, 361, 369, and 371 consist of social media screenshots with captions containing boastful or threatening language. Examples include "I got hit and then three of theirs got hit," "This that block we spinning through like 5 times till we catch us some," "We went from kids to killers," statements about "terroriz[ing] the town" and "set[ting] this town on fire," "My little n**** on that [brick emoji] k," "if it's up you gon have to do more than just ducc," "Nationwide riptide on all sides," references to being on the "opps block," and statements about "never taking him on a drill again."

While the Government will likely argue these statements are admissions, they are more akin to the hyperbolic rhetoric common in certain social media subcultures and rap music—braggadocio designed to project an image rather than literal statements of fact.

The introduction of this material poses a severe risk of unfair prejudice. The jury will be invited to conclude that Mr. Chambers is a violent person who deserves punishment regardless of the evidence on the specific charged counts. The cumulative effect of introducing numerous such posts would be devastating to Mr. Chambers's right to a fair trial. These exhibits should be excluded or, at minimum, substantially limited.

G. <u>Additional Inflammatory Exhibits</u>

The Government's Exhibits 100, 166, 187, 192, 223, 234 (files 7-11, 15-19, 21-24, 33, 35, 37, 41-42, 48-49, 52, 54-55, 64-66, 68, 70-71, 74), 242, 403, and 404 include additional inflammatory material. These include:

A poster with graffiti referencing gang terminology (Exhibit 100);

A social media post stating "Free Hell Rell, Free Sosa" (Exhibit 166);

Photographs of Mr. Chambers with firearms (Exhibit 187);

A photograph of Mr. Chambers wearing a hoodie allegedly seen in surveillance footage, which is duplicative of other evidence and invites prejudicial inferences (Exhibits 192 and 223);

A screenshot of a Facebook post referencing the James Diamond murder (Exhibit 242);

Page **5** of **5**
*United States of America v. Akeem Chambers*, Case No. 23 Cr. 157 (JMA)
January 21, 2026

A document purportedly containing "gang rules" (Exhibit 403); and

Numerous videos within Exhibit 234 showing individuals with guns, cash, and gang signs, or depicting unrelated violent incidents (such as the LAX fight in files 41 and 54).

Many of these exhibits are cumulative of other evidence, depict uncharged conduct, or have attenuated relevance to the charges. Their prejudicial impact substantially outweighs their probative value, and they should be excluded.

### Reservation of Rights

The defense is continuing its review the Government's voluminous exhibit list, which contains hundreds of items. We expressly reserve the right to move to exclude additional exhibits not identified in this submission. We expressly reserve the right to move to exclude additional exhibits not identified in this submission, including exhibits beyond Exhibit 403. We also reserve the right to object to exhibits at trial and to seek limiting instructions as appropriate.

### Conclusion

For the foregoing reasons, Mr. Chambers, Mr. Vasquez, and Mr. Shaw respectfully request that the Court grant this motion and exclude the exhibits identified above, or in the alternative, conduct a hearing to determine the admissibility of these exhibits prior to trial. We further request that the Government be required to provide adequate notice before seeking to introduce any of the contested exhibits so that the defense may renew its objections.

Thank you very much for your consideration in this matter.

Respectfully submitted,

Steve Zissou, Esq.
Glenn Obedin, Esq.
Xavier Donaldson, Esq.

SZ/jc