# Steve Zissou & Associates

42-40 Bell Boulevard | Suite 302 | Bayside | New York | 11361 | 718.279.4500 | stevezissou@stevezissouesq.com

January 22, 2026

**BY ECF**

The Honorable Joan M. Azrack
United States District Court
100 Federal Plaza
Central Islip, New York 11722

>    Re:    *United States of America v. Akeem Chambers*, Case No. 23 Cr. 157 (JMA)

Your Honor,

I write on behalf of my client, Akeem Chambers, joined by Glenn Obedin and Xavier Donaldson, counsel, respectively, for Jonathan Vasquez and Jerell Shaw.

This letter constitutes a second motion in limine, supplementing our motion dated January 21, 2026. Pursuant to Federal Rules of Evidence 401, 402, 403, and 901, and in anticipation of trial, we respectfully move to exclude certain additional exhibits identified by the Government on its exhibit list. As with the exhibits identified in our first motion, the exhibits identified herein are unduly prejudicial, cumulative, lack proper foundation, and/or have minimal probative value that is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

This submission is non-exclusive. The defense reserves the right to move to exclude additional exhibits as trial preparation continues and as the Government supplements its exhibit list. We respectfully request the Court's ruling on the exhibits identified below prior to their introduction at trial.

## Legal Standard

As set forth in our first motion, under Federal Rule of Evidence 403, the Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403. "Unfair prejudice" means "an undue tendency to suggest decision on an improper basis," commonly, though not necessarily, an emotional one. *See, e.g.*, *Old Chief v. United States*, 519 U.S. 172, 180 (1997). In RICO cases, courts have recognized that the Government's burden to prove the existence of an enterprise does not give the Government carte blanche to introduce highly inflammatory evidence of other crimes merely because they bear some tangential relationship to the charged

conspiracy. *See, e.g.*, *United States v. Sampson*, 385 F.3d 183, 192 (2d Cir. 2004).

## Exhibits to Be Excluded

### A. Exhibits Depicting Unidentified Individuals or Lacking Foundation

Exhibits 472, 477, 482, 507, and 511 on the Government's list depict unidentified individuals or objects with no established connection to any defendant. Exhibit 472 depicts two guns in a holster with no person visible. Exhibit 477 is a video of an unknown male with two assault rifles and a handgun. Exhibit 482 is a video of a handgun with an extended magazine, again with no identified person. Exhibit 507 is a video filmed out of a car window with no context or identified participants. Exhibit 511 is a photograph of Lesly Pardo with two unknown men and an unknown woman.

These exhibits lack foundation and fail to establish any connection to the defendants or the charged conduct. Their only purpose is to suggest guilt by association or to inflame the jury with imagery of firearms unconnected to any specific allegation. They should be excluded under Rules 401, 402, 403, and 901.

### B. Cumulative "Gang Sign" and Firearms Photographs

In our first motion, we objected to over one hundred photographs and videos of defendants displaying purported gang signs or posing with firearms. The Government's exhibit list includes scores of additional such exhibits, which are equally cumulative and prejudicial.

With respect to Mr. Vasquez, the Government seeks to introduce an extraordinary volume of such material. These include Exhibits 432, 433, 436, 437, 439, 441, 442, 443, 446, 447, 448; Exhibit 449 (files 1-6, 9-12, 15-16, 18-19, 21-31, 33, 35-37, 42-46); and Exhibits 450, 451, 453, 454, 456, 457, 458, 460, 462, 463, 464, 465, 466, 467, 468, 469, 470, 471, 473, 475, 478, 479, 480, 481, 483, 484, 485, 487, 488, 489, 490, 491, 492, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502, 503, 504, 505, 506, and 510.

With respect to Mr. Shaw, the Government seeks to introduce Exhibits 407, 408, 410, 411, 412, 413, 417, 419, 421, 422, 427, 429, 430, and 431 (files 1-6, 9-18).

With respect to Mr. Chambers, many of the Vasquez exhibits also depict Mr. Chambers, including Exhibits 433, 436, 447, 448, 449 (files 1, 3, 7, 9, 10, 24, 28, 29, 35, 37), 450, 454, 457, 458, 460, 462, 471, 476, 479, 502, and 509.

Additional exhibits depicting co-defendant Todd Brant include Exhibit 438.

This volume of photographs is patently cumulative. As we argued in our first motion, if gang membership is relevant, a handful of photographs would suffice. The Government has already identified well over one hundred such exhibits; the addition of scores more serves no

Page **3** of **7**
*United States of America v. Akeem Chambers*, Case No. 23 Cr. 157 (JMA)
January 22, 2026

legitimate evidentiary purpose and exists solely to prejudice the jury by repetitive association with gang imagery and firearms. The Court should exclude these exhibits or, at minimum, require the Government to select a limited number of representative photographs under Rule 403.

C.  Photographs Displaying Cash and Luxury Items

Exhibits 431 (files 7 and 8), 438, 449 (file 17), 452, 461, and 486 depict defendants or others posing with cash, luxury items, or counting money. Exhibit 431(7) shows a purse filled with cash; Exhibit 431(8) shows a mail bag filled with cash with the caption "The president!" Exhibit 438 depicts Todd Brant in front of a car with Fendi bags. Exhibit 449(17) is a video at an ATM with cash. Exhibits 452 and 461 depict Mr. Vasquez with cash. Exhibit 486 is a video of someone counting hundred-dollar bills.

Additionally, several exhibits within the Shaw materials depict diamond jewelry, including Exhibits 421 (a diamond watch that says "Rells Fargo") and 431 (files 1, 4, 9, 10, 14, 17, and 18), which feature diamond necklaces and rings.

As we argued in our first motion, this evidence has no probative value regarding any charged offense. Possession of currency or jewelry is not illegal, and these photographs do not establish the source of the funds, any connection to racketeering activity, or any element of the charged offenses. Their only purpose is to invite the jury to speculate about ill-gotten gains and to inflame prejudice against the defendants. They should be excluded under Rule 403.

D.  Inflammatory Rap Music, Lyrics, and Music Videos

The Government seeks to introduce numerous additional rap music videos and audio recordings. These include Exhibit 431 (file 12), which is an Instagram post linking to a music video titled "Long Island Babies Cypher" with the caption "Rollin babies"; Exhibit 439, a Snapchat post with rap lyrics about "scamming on TD in a hotel"; Exhibit 449 (files 13, 14, 21, 22, 23, 26, 27, 31, 33, 36, 37, 41, 42, 45, and 46); and Exhibits 487, 488, 490, 491, 492, 493, 494, 497, 498, 502, 504, 505, and 506.

As we argued in our first motion, courts have increasingly recognized the danger of admitting rap lyrics as evidence of criminal conduct. *See United States v. Herron*, Case No. 10 Cr. 615 (NGG), 2014 U.S. Dist. LEXIS 63872, 2014 WL 1871909, at *4 (E.D.N.Y. May 8, 2014) ("[C]ircuit courts have admonished trial judges against admitting rap videos or lyrics with merely a tenuous connection to the defendant or issues in the case"). Research has shown that people who are shown violent lyrics are more likely to find them literal, offensive, and in need of regulation when told that the lyrics are from a rap song rather than another genre. *See* Adam Dunbar, Charis E. Kubrin, and Nicholas Scurich, *The Threatening Nature of "Rap" Music*, 22 Psych., Pub. Pol'y & L. 280 (2016).

*United States of America v. Akeem Chambers*, Case No. 23 Cr. 157 (JMA)
January 22, 2026

These exhibits are highly inflammatory, have minimal probative value regarding actual criminal conduct, and risk transforming this trial into a referendum on rap music rather than the charged offenses. They should be excluded.

E.  Grave Desecration and Related Evidence

The Government's exhibit list includes extensive additional evidence depicting conduct at or referencing gravesites. Exhibit 446 is an Instagram story tagged "Scooter Crib" with inflammatory comments. Exhibit 449 (file 5) is a video of Mr. Vasquez shattering a bottle on a grave tagged "Scooter Crib." Exhibit 449 (file 20) is a social media post with a football taken from Scooter's grave. Exhibit 449 (file 32) depicts Mr. Vasquez spitting on Scooter's grave with the caption "I'll take your little man's football, stop playing with me." Exhibit 449 (file 38) depicts individuals kicking Scooter's grave and discussing the football. Exhibit 449 (file 39) is a video of Mr. Vasquez kicking a pink scooter and stating: "Oh, this that dead n***? Get that shit out of here…lay down." Exhibit 449 (file 40) is another social media post with Scooter's football.

The Government also seeks to introduce an extraordinarily inflammatory social media post within Exhibit 449 that states: "Every time n****'s talk about the dead homeboys Ima go to ya deadmans grave & piss on it & when we catch ya mother we gone dump that bitch on her head…."

Additional exhibits include Exhibit 451 (Mr. Vasquez and Lesly Pardo in front of "RIP Gudda Locc"); Exhibit 453 (Mr. Vasquez and Pardo at Marcano's grave); Exhibit 455 (a handwritten letter referencing "Blowing a sticc of that skooter pacc"); and Exhibit 459 (a picture of Scooter's grave).

This evidence is extraordinarily inflammatory and designed solely to provoke moral outrage. Whatever marginal relevance it may have to proving animosity between groups is vastly outweighed by its prejudicial impact. The jury cannot be expected to fairly evaluate the evidence of charged conduct after being shown repeated evidence of grave desecration, threats against family members, and similar conduct. This evidence should be excluded under Rule 403.

F.  Social Media Posts with Threatening or Inflammatory Captions

Numerous additional exhibits consist of social media posts with inflammatory captions. These include:

> Exhibit 446: Instagram messages calling Mr. Vasquez "The craziest motherfucker in Hempstead," which Mr. Vasquez reposts with "Send them flicks droppin them bricks";

> Exhibit 447: Instagram post with Mr. Chambers and Mr. Vasquez, captioned

*United States of America v. Akeem Chambers*, Case No. 23 Cr. 157 (JMA)
January 22, 2026

"This shit deeper than rap KTK";

Exhibit 448: Instagram post with Mr. Chambers and Mr. Vasquez on the corner of Bennett and Amherst, captioned "Flock died on the block boy";

Exhibit 449 (file 14): Video captioned "You n***s aren't safe";

Exhibit 449 (file 19): Video captioned "Riding on the opps blocc, they aint outside had to change my route";

Exhibit 449 (file 24): Social media post with Mr. Chambers, Lesly Pardo, and Mr. Vasquez captioned "No question death come in 3's";

Exhibit 449 (files 28-29): Videos on the "opps block" with Mr. Chambers captioned "I walk on this shit like it's mine, big DBK";

Exhibit 469: Mr. Vasquez's Instagram post with a comment on his own post: "Broo what we sanctioned ona dead opps";

Exhibit 503: Video of Mr. Vasquez stating "Let me tell all you little bitches one thing, don't ever get on my bad side";

Exhibit 509: Video of Mr. Chambers stating "N****'s on that other block don't really shoot shit... I know these bitches from the town wasn't my type because they fuck with victims, they fuck with opps. And if they fuck with victims they aren't my type"; and

Exhibit 510: Screenshot of Mr. Vasquez's Instagram bio reading "insane crip gang. Pushin babiii3z no stroller."

As we argued in our first motion, these statements are akin to the hyperbolic rhetoric common in certain social media subcultures and rap music—braggadocio designed to project an image rather than literal statements of fact. The introduction of this material poses a severe risk of unfair prejudice. The jury will be invited to conclude that the defendants are violent people who deserve punishment regardless of the evidence on the specific charged counts. These exhibits should be excluded or, at minimum, substantially limited.

G. Additional Inflammatory Exhibits

The Government seeks to introduce several additional inflammatory exhibits that do not fit neatly into the categories above:

Exhibits 403, 424, and 425: Documents purportedly containing "gang rules";

*United States of America v. Akeem Chambers*, Case No. 23 Cr. 157 (JMA)
January 22, 2026

Exhibit 422: Photograph of Mr. Shaw in front of a TD Bank;

Exhibits 431 (files 3 and 13): Additional photographs of Mr. Shaw in front of TD Bank;

Exhibit 431 (file 15): Group photo with the caption "When I was cripping hard tbt";

Exhibit 431 (file 16): Video of Mr. Shaw, Malik Delima, and others dancing on a yacht;

Exhibits 412, 413, 419, 429, and 431 (files 5 and 6): Photographs of Mr. Shaw with Malik Delima;

Exhibit 449 (file 2): Video of Mr. Vasquez leaving jail;

Exhibit 449 (file 3): Video of Mr. Chambers in the hoodie allegedly seen in the Freeport Motel shooting surveillance footage, which is duplicative of other evidence and invites prejudicial inferences;

Exhibit 508: Telegram text messages between Mr. Vasquez and Mr. Chambers from November 2, 2021 to March 1, 2022; and

Exhibits 512 and 512A: Telegram chat with Rob Pardo and Mr. Vasquez from October 28, 2021 to February 26, 2022, and associated images.

Many of these exhibits are cumulative of other evidence, depict uncharged conduct, or have attenuated relevance to the charges. Their prejudicial impact substantially outweighs their probative value, and they should be excluded.

### Reservation of Rights

The defense is continuing its review of the Government's voluminous exhibit list. We expressly reserve the right to move to exclude additional exhibits not identified in this submission or in our first motion in limine. We also reserve the right to object to exhibits at trial and to seek limiting instructions as appropriate.

### Conclusion

For the foregoing reasons, Mr. Chambers, Mr. Vasquez, and Mr. Shaw respectfully request that the Court grant this motion and exclude the exhibits identified above, or in the alternative, conduct a hearing to determine the admissibility of these exhibits prior to trial. We further request that the Government be required to provide adequate notice before seeking to introduce any of the contested exhibits so that the defense may renew its objections.

*United States of America v. Akeem Chambers*, Case No. 23 Cr. 157 (JMA)
January 22, 2026

Thank you very much for your consideration in this matter.

Respectfully submitted,

Steve Zissou, Esq.
Glenn Obedin, Esq.
Xavier Donaldson, Esq.

SZ/jc